HERRICK, FEINSTEIN LLP
Avery S. Mehlman
Stephen B. Selbst
Scott C. Ross
2 Park Avenue
New York, NY 10016-9301
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Attorneys for CSRE, LLC and Yechezkel Strulovitch*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
WILLOUGHBY ESTATES LLC,                         :    Case No. 19-45886 (cec)
                                                :
                    Debtor.                     :
------------------------------------------------x

### DECLARATION OF YECHEZKEL STRULOVITCH IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION OF MOTION TO TURNOVER DEBTOR'S RECORDS

Yechezkel Strulovitch, declaring under penalty of perjury, pursuant to 28 U.S.C. § 1746, says:

1. I am the Managing Member of CSRE LLC ("CSRE"), Willoughby Estates LLC ("Willoughby Estates") (through CSRE), and Willoughby Estates Operations LLC ("Willoughby Operations"). As such, this declaration is based upon my personal knowledge, unless stated otherwise. I am competent to testify to the facts set forth herein.

2. I submit this Declaration in Support of CSRE's motion to dismiss the bankruptcy petition pursuant to Section 1112(b) of the Bankruptcy Code and in opposition to Willoughby Estates' motion to turnover corporate records.

3. In his Declaration in Support of Turnover of Willoughby Estates' Records, dated October 7, 2019 ("Elkaim Turnover Declaration"), Raphael Barouch Elkaim ("Elkaim") claims to be the manager of Willoughby Estates. That claim is false; CSRE is the sole Managing

Member of Willoughby Estates and is its majority member. I am the sole member of CSRE and act on its behalf.

4.   CSRE did not authorize this bankruptcy filing and the law is clear that an unauthorized filing must be dismissed. As described below, Elkaim's claimed authority to file the petition on behalf of Willoughby Estates is based on a Hebrew email from April 2015, which purportedly transfers a portion of CSRE's interest in Willoughby Estates, thereby allegedly giving Elkaim control over the majority membership interest in Willoughby Estates. But that email is not evidence of an agreement to transfer an interest in Willoughby Estates.

5.   The falseness of Elkaim's claims are vividly illustrated by the fact that Elkaim (and parties aligned with him) filed numerous pleadings, sworn affidavits and declarations, some as recently as February 2019, all of which stated that they were indirect minority investors in Willoughby Estates, with CSRE being the majority owner.

6.   At no time until now did Elkaim claim that any individual has a direct interest in Willoughby Estates. Notably, those court filings were made from 2017 to 2019 -- years later than the April 2015 email Elkaim now purports to rely on. The Elkaim declaration makes no disclosure of the multiple times these inconsistent positions have been taken in court pleadings. But those statements are admissions that bind Elkaim and they cannot be disregarded.

**Willoughby Estates' Operating Agreement**

7.   Willoughby Estates' Operating Agreement (the "Operating Agreement"), annexed to the Elkaim Turnover Declaration, makes clear that CSRE is the majority and managing member of Willoughby Estates. A copy of the Operating Agreement is also annexed hereto as **Exhibit 1**. The first paragraph of the Operating Agreement provides that CSRE is the "owner of fifty-four percent (54%) of the Company" and Willoughby Operations is "the owner of forty-six

percent (46%) of the Company." Ex. 1 at 1. In reality, Willoughby Operations' only has a minority profit sharing interest in Willoughby Estates.

8. Section 2 of the Operating Agreement provides that the purpose of Willoughby Estates is to acquire, own, develop, maintain and operate a direct interest in the property located at 525 Willoughby Ave, Brooklyn, NY 11206 (the "Property"). Section 5(a)(i) of the Operating Agreement provides that the "business and affairs of the [Willoughby Estates] shall be managed by CSRE."

9. Myself and Yechiel Oberlander are also the co-managing members of Willoughby Operations. Ex. 1, § 5(b)(i); *see also* Ex. 2, ¶ 27, which is the Second Amended Complaint (the "Complaint") in the Federal Court Action, described below, which states that myself and Oberlander are "managers of [Willoughby Operations]."

**The Federal Action**

10. In 2017, a lawsuit was filed by Israeli investors (the "Individual Plaintiffs")[1] who alleged that they invested in various limited liability companies (the "LLC Plaintiffs" and together with the Individual Plaintiffs, collectively, the "Plaintiffs"), which then acquired minority interests in various limited liability companies (the "Holding Company Defendants"), each of which owned a parcel of property in Brooklyn, NY (the "Investment Properties"). That lawsuit is captioned *Schonberg et al. v. Strulovitch et al.*, Case No. 17-cv-2161 and is pending before Judge Amon in the Eastern District of New York (the "Federal Court Action"). A copy of the Complaint is annexed hereto as **Exhibit 2**. In the Complaint, Willoughby Operations is identified as one of the LLC Plaintiffs and Willoughby Estates is identified as one of the Holding Company Defendants.

---

[1] In paragraph 2 of the Complaint, it appears that Jacob Schonberg, Binyomin Schonberg, Binyomin Halpern and Elkaim, the self-described "Original Plaintiffs," are the lead plaintiffs in the Federal Court Action,

3

11. In the Complaint, the Individual Plaintiffs repeatedly allege that they are indirect minority members of the Holding Company Defendants, through their investments in the LLC Plaintiffs. The Plaintiffs also repeatedly allege that CSRE is the majority member of each of the Holding Company Defendants. *See, e.g.*, Ex. 2 at ¶¶ 2, 20, 21, 24, 170, 177. Nowhere in the Complaint do the Plaintiffs claim that any person or entity, other than CSRE and the LLC Plaintiffs, has a direct interest in any Holding Company Defendant, including Willoughby Estates. Nowhere in the Complaint do the Plaintiffs claim to own or control a majority interest in Willoughby Estates or any other Holding Company Defendant.

12. In November 2017, Judge Amon dismissed the Complaint. A copy of the decision is annexed hereto as **Exhibit 3.** In dismissing the Complaint, the court found that:

> In fact, the Individual Plaintiffs' interests in the twenty two parcels of real property is alleged to be three steps removed the actual property: taking the Individual Plaintiffs as step one, step two was the twenty two LLC Plaintiffs, which at some point, were given forty five percent interests in one of the Holding Company Defendants. The third step of this investment structure was the Holding Company Defendants, which each allegedly held the title to one of the twenty two investment properties. (Id.) CSRE, an entity that is purportedly wholly owned by defendants Oberlander and Strulovich, owns the remaining fifty five percent in each Holding Company Defendant.
> Ex. 3 at 5 (emphasis added).

13. In February 2019, fourteen months after the Complaint was dismissed, the Plaintiffs moved for leave to amend the Complaint, a copy of which is annexed hereto as **Exhibit 4** (the "Motion to Amend"). In the Motion to Amend, the Plaintiffs continue to argue that the Individual Plaintiffs purchased interests in the LLC Plaintiffs, which have minority interests in the Holding Company Defendants, with CSRE as the majority owner of the Holding Company Defendants. Ex. 4 at 3, 10, 11. The same position was taken by the Plaintiffs in their reply in further support of the Motion to Amend, a copy of which is annexed hereto as **Exhibit 5**, at 3. Nowhere in the Motion to Amend do the Plaintiffs claim that any person or entity, other than

CSRE and the LLC Plaintiffs, has a direct interest in any Holding Company Defendant, including Willoughby Estates. Nowhere in the Motion to Amend do the Plaintiffs claim to own or control a majority interest in Willoughby Estates or any other Holding Company Defendant.

**The Foreclosure Proceeding**

14. In March 2018, Willoughby Estates' lender commenced a foreclosure proceeding in Supreme Court, State of New York, Index No. 524520/2018 (the "Foreclosure Proceeding").

15. In September 2018, Willoughby Operations sought to intervene in the Foreclosure Proceeding (the "Motion to Intervene").[2] In support of the Motion to Intervene, Elkaim submitted an affirmation that was filed on September 4, 2018 (the "Elkaim Intervention Affirmation"), a copy of which is annexed hereto as **Exhibit 6**. In the Elkaim Intervention Affirmation, Elkaim confirms that Willoughby Operations "owns a forty-five percent (45%) membership interest in [Willoughby Estates]" and that "[t]he other fifty-five percent membership interest in [Willoughby Estates] is held by CSRE ..., a limited liability company mostly owned by [me]." Ex. 6, ¶¶ 2-3; *see also* ¶¶ 8, 12.

16. In its Memorandum of Law in Support of the Motion to Intervene, a copy of which is annexed hereto as **Exhibit 7**, Willoughby Operations again argued that it "owned a 45% membership interest in [Willoughby Estates]" and that I "indirectly control the other 55% membership interest in [Willoughby Estates]." Ex. 7 at 2-3; *see also id.* at 4-5.

17. Nowhere in the Elkaim Intervention Affirmation or Motion to Intervene does Elkaim or Willoughby Operations claim that any person or entity, other than CSRE and Willoughby Operations, has a direct interest in Willoughby Estates. Nowhere in the Elkaim Intervention Affirmation or Motion to Intervene does Elkaim or Willoughby Operations claim that Plaintiffs have or control a majority interest in Willoughby Estates.

---

[2] As set forth below, no one can act on behalf of Willoughby Operations (or any other LLC Plaintiff) other than myself and Oberlander.

5

**The Sham Bankruptcy Petition**

18. On September 25, 2019, Benjamin Schonberg, Binyomin Mordechai Halpern, Jacob Schonberg, Bertha Schonberg and Willoughby Operations purported to undertake an "Action By Majority Written Consent Of Members" to "amend" [Willoughby Estates'] operating agreement (the "Purported Amendment"), a copy of which is annexed hereto as **Exhibit 8**. The Purported Amendment, *inter alia*, appointed Elkaim, Binyomin Halpern, and Benjamin Schonberg as co-managers of Willoughby Estates and states that neither CSRE nor myself have the authority to manage the business and affairs of Willoughby Estates. The day after executing the Purported Amendment, Elkaim filed the instant bankruptcy petition on behalf of Willoughby Estates.

19. In his Rule 1007-4 declaration, Elkaim claims that certain "investors had purchased additional shares in [Willoughby Estates]." *See* Local Rule 1007-4 Declaration of Raphael Barouch Eklaim, dated October 7, 2019 ("Elkaim Rule 1007-4 Declaration"), which is annexed hereto as **Exhibit 9**, at ¶ 20. But Elkaim's declaration provides no details as to these purported transfers.

20. In the Federal Court Action, my attorneys raised the issue of this sham bankruptcy Petition to Judge Amon. Annexed hereto as **Exhibit 10** is a copy of the letter filed by my attorneys, with exhibits.

21. In response, the Plaintiffs submitted a letter to the Court, a copy of which is annexed hereto as **Exhibit 11**, as well as an exhibit which is an email in Hebrew, dated April 1, 2015, which is annexed hereto as **Exhibit 12**. Plaintiffs suggested that this email is evidence of a transfer of an interest in Willoughby Estates (the "Purported Transfer"). Plaintiffs failed to

submit to the Court a certified translation of the Purported Transfer (or any translation). A certified translation of the Purported Transfer is annexed hereto as **Exhibit 13**.

22. The certified translation of the Purported Transfer shows that there is nothing about this email that evidences an agreement to transfer an interest in Willoughby Estates. The email, on its face, is, at most, evidence of a discussion between myself and Mr. Halpern. The Individual Plaintiffs and Willoughby Operations do not together hold a majority membership interest in Willoughby Estates. They cannot remove me as manager and appoint themselves. They cannot and do not have the authority to have filed the instant Petition on behalf of Willoughby Estates. CSRE has not transferred any portion of its majority interest in Willoughby Estates to anyone.

23. In fact, myself and Oberlander remain the managing members of Willoughby Operations. While certain resolutions were allegedly passed by some of Willoughby Operations' investors which purport to transfer management of Willoughby Operations to Elkaim, Halpern and Schonberg, no information has ever been provided about the division of membership interests in Willoughby Operations or the putative votes by the members in that entity to oust myself and Oberlander as its managing members. Those resolutions are null and void. In other words, Elkaim, Halpern, and Schonberg do not have, and never had, the authority to act on behalf of Willoughby Operations, let alone Willoughby Estates.

24. It defies logic to believe that if Willoughby Operations and the Individual Plaintiffs had been in possession of the Purported Transfer since April 2015 that they would have repeatedly confirmed their minority interest in Willoughby Estates in numerous court filings.

25. As shown above, from 2017-2019, Willoughby Operations and the Individual Plaintiffs repeatedly asserted, under oath and in pleadings that, consistent with the Holding

Company Defendant Operating Agreements, they, through Willoughby Operations, ***hold a minority interest in Willoughby Estates.***

26.  Now they are taking a wholly inconsistent position before this Court based on the Purported Transfer, which, if it was actually evidence of a transfer, would have been raised at the outset in the Federal Court Action and/or Foreclosure Proceeding.

27.  For the foregoing reasons, I respectfully request that the Petition be dismissed and CSRE be awarded costs and fees in being forced to file the instant motion.

28.  Furthermore, in light of the fact that the Petition is a sham, I request that the Court deny "Willoughby Estates" motion to turnover records or hold a decision on that motion in abeyance pending resolution of the motion to dismiss.

Dated: New York, New York
November 4, 2019

_____
Yechezkel Strulovitch