HERRICK, FEINSTEIN LLP
Avery S. Mehlman
Stephen B. Selbst
Scott C. Ross
2 Park Avenue
New York, NY 10016-9301
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Attorneys for CSRE, LLC and Yechezkel Strulovitch*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WILLOUGHBY ESTATES LLC,<br><br>                                  Debtor. | Chapter 11<br><br>Case No.: 19-45886 (cec) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AND IN OPPOSITION TO MOTION
<u>TO TURNOVER WILLOUGHBY ESTATES LLC'S RECORDS</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

I.  FACTUAL BACKGROUND ............................................................................................ 2

    A.  Ownership and Management Structure of Willoughby Estates and Willoughby Operations ................................................................................... 2

    B.  The Federal Court Action ................................................................................ 3

    C.  The Foreclosure Proceeding ............................................................................ 4

    D.  The Unauthorized Bankruptcy Petition ........................................................... 5

II.  JURISDICTION ................................................................................................................. 6

III.  ARGUMENT ..................................................................................................................... 7

    A.  CSRE is the Majority Member of Willoughby Estates. .................................. 8

    B.  CSRE is the Managing Member of Willoughby Estates and Strulovitch is the Manager of Willoughby Operations. ..................................................... 9

    C.  Only CSRE has the Authority to File a Bankruptcy Petition on Behalf of Willoughby Estates. ..................................................................................... 11

    D.  The Motion to Turnover Corporate Records Should be Denied .................... 12

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 167 W. 133rd St. Hous. Dev. Fund Corp.*,
  No. 18-12043 (JLG), 2018 WL 4637460 (Bankr. S.D.N.Y. Sept. 25, 2018) ....................... 7, 11

*In re FKF Madison Park Grp. Owner, LLC*,
  No. 10-11867 KG, 2011 WL 350306 (Bankr. D. Del. Jan. 31, 2011) ...................................... 7

*Hynes v. Giambalvo*,
  No. 09 CV 2599(ARR)(LB), 2011 WL 317979 (E.D.N.Y. Jan. 14, 2011),
  report and recommendation adopted, No. 09-CV-2599 (ARR)(LB), 2011 WL
  346594 (E.D.N.Y. Jan. 31, 2011) ........................................................................................... 9

*Nader & Sons, LLC v. Hazak Assocs. LLC*,
  149 A.D.3d 503, 53 N.Y.S.3d 622 (1st Dep't 2017) ............................................................... 9

*In re NNN 123 N. Wacker, LLC*,
  510 B.R. 854 (Bankr. N.D. Ill. 2014) .................................................................................... 11

*Overhoff v. Scarp, Inc.*,
  12 Misc. 3d 350, 812 N.Y.S.2d 809 (N.Y. Sup. Ct. Erie Cty. 2005) ................................. 8, 10

*In re Park Towers Corp.*,
  387 F.2d 948 (2d Cir. 1967) ............................................................................................. 7, 12

*In re Pasta Bar By Scotto II, LLC*,
  No. 15-12766 (MG), 2015 WL 7307246 (Bankr. S.D.N.Y. Nov. 19, 2015) ..................... 7, 12

*Price v. Gurney*,
  324 U.S. 100 (1945) ................................................................................................................ 7

**Statutes**

11 U.S.C. § 1112(b) .................................................................................................................. 7, 11

11 U.S.C. § 1112(b)(1) .................................................................................................................. 7

28 U.S.C. § 157(a) ......................................................................................................................... 6

28 U.S.C. § 1334(a) ....................................................................................................................... 6

N.Y. Ltd. Liab. Co. Law §§ 401-404 ............................................................................................ 8

N.Y. Ltd. Liab. Co. Law § 414 .................................................................................................... 10

Yechezkel Strulovitch ("Strulovitch") and CSRE, LLC ("CSRE"), by and through their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to dismiss the bankruptcy petition filed by Raphael Barouch Elkaim ("Elkaim"), Binyomin Halpern ("Halpern"), and Binyomin Schonberg ("Schonberg") on behalf of Willoughby Estates LLC ("Willoughby Estates"), and in opposition to the motion to turnover Willoughby Estates' corporate records.

## PRELIMINARY STATEMENT

On September 26, 2019, Elkaim, Halpern, and Schonberg initiated this putative single-asset real estate bankruptcy case by filing a Chapter 11 petition as alleged co-managers of Willoughby Estates.  But CSRE is, and at all times has been, the sole majority and managing member of Willoughby Estates.  Their claimed control of Willoughby Estates is based on a Hebrew email from April 2015, which purportedly transfers a portion of CSRE's interest in Willoughby Estates, thereby allegedly giving Elkaim, Halpern, and Schonberg control over the majority membership interest in Willoughby Estates.  But that email is not evidence of an agreement to transfer an interest in Willoughby Estates.

The falseness of their claims is vividly illustrated by the fact that Elkaim, Halpern, and Schonberg (and parties aligned with them) filed numerous pleadings, sworn affidavits and declarations, some as recently as February 2019, all of which stated that they were indirect minority investors in Willoughby Estates, with CSRE being the majority owner.  Notably, those court filings were made from 2017 to 2019 -- years later than the April 2015 email Elkaim, Halpern, and Schonberg now purport to rely on.  Elkaim's declaration under Rule 1007-4 makes no disclosure of the multiple times these inconsistent positions have been taken in court pleadings.  But those statements are admissions that bind Elkaim and they cannot be disregarded.   Because

1

this petition was filed without the authority of Willoughby Estates' managing and majority member, it must be dismissed and the motion to turnover corporate records must be denied.

## I. FACTUAL BACKGROUND

### A. Ownership and Management Structure of Willoughby Estates and Willoughby Operations

1. Willoughby Estates' Operating Agreement (the "Operating Agreement") states that CSRE is the majority and managing member of Willoughby Estates. Declaration of Yechezkel Strulovitch, dated November 4, 2019 ("Strulovitch Decl."), Ex. 1.  The first paragraph of the Operating Agreement provides that CSRE is the "owner of fifty-four percent (54%) of the Company" and Willoughby Estates Operations LLC ("Willoughby Operations") is "the owner of forty-six percent (46%) of the Company."  Strulovitch Decl., Ex. 1 at 1.

2. Section 2 of the Operating Agreement provides that the purpose of Willoughby Estates is to acquire, own and develop real estate located at 525 Willoughby Ave, Brooklyn, NY 11206 (the "Premises").  Strulovitch Decl., Ex. 1, § 2.  Section 5(a)(i) of the Operating Agreement provides that the "business and affairs of the [Willoughby Estates] shall be managed by CSRE" who is appointed as Willoughby Estates' managing member.  Strulovitch Decl., Ex. 1, § 5(a)(i).

3. Strulovitch and Yechiel Oberlander are also the co-managing members of Willoughby Operations.  Strulovitch Decl., Ex. 1, § 5(b)(i); *see also* Strulovitch Decl., Ex. 2, ¶ 27, which refers to the Second Amended Complaint (the "Complaint") in the Federal Court Action, described below, which states that Strulovitch and Oberlander are "managers of the [Willoughby Operations]."  While certain resolutions were purportedly signed by some of Willoughby Operations' investors, which allegedly transferred management of Willoughby Operations to Elkaim, Halpern and Schonberg, no information was provided about the ownership of membership

interests in Willoughby Operations or the putative votes by the members in that entity to oust Strulovitch and Oberlander as its managing members. Strulovitch Decl. ¶ 23; Ex. 10 at Exs. 3-4.

### B. The Federal Court Action

4.      In April 2017, a lawsuit captioned *Schonberg et al. v. Strulovitch et al.*, Case No. 17-cv-2161 was filed by Israeli investors (the "Individual Plaintiffs"),[1] who invested in various limited liability companies (the "LLC Plaintiffs" and together with the Individual Plaintiffs, collectively, the "Plaintiffs"), which then acquired minority interests in various limited liability companies (the "Holding Company Defendants"), each of which owned a parcel of property in Brooklyn, NY (the "Investment Properties"). Strulovitch Decl., ¶ 10. That lawsuit is pending before Judge Amon in the Eastern District of New York (the "Federal Court Action"). *Id.* In the Complaint, Willoughby Operations is identified as one of the LLC Plaintiffs and Willoughby Estates is identified as one of the Holding Company Defendants. Strulovitch Decl., Ex. 2.

5.      In the Complaint, the Individual Plaintiffs repeatedly allege that they are indirect minority members of the Holding Company Defendants through their investments in the LLC Plaintiffs. The Plaintiffs also repeatedly allege that CSRE is the majority member of each of the Holding Company Defendants. Strulovitch Decl., Ex. 2 at ¶¶ 2, 20, 21, 24, 170, 177. Nowhere in the Complaint do the Plaintiffs claim that any person or entity, other than CSRE and the LLC Plaintiffs, has a direct interest in any Holding Company Defendant, including Willoughby Estates. Nowhere in the Complaint do the Plaintiffs claim to own or control a majority interest in Willoughby Estates or any other Holding Company Defendant. Strulovitch Decl., ¶ 11.

6.      In November 2017, Judge Amon dismissed the Complaint. Strulovitch Decl., Ex. 3. In dismissing the Complaint, the Court found that:

---

[1] In paragraph 2 of the Complaint, it appears that Jacob Schonberg, Schonberg, Halpern and Elkaim, the self-described "Original Plaintiffs," are the lead plaintiffs in the Federal Court Action.

HF 13023456v.2

> In fact, the Individual Plaintiffs' interests in the twenty two parcels of real property is alleged to be three steps removed the actual property: taking the Individual Plaintiffs as step one, step two was the twenty two LLC Plaintiffs, which at some point, were given forty five percent interests in one of the Holding Company Defendants. The third step of this investment structure was the Holding Company Defendants, which each allegedly held the title to one of the twenty two investment properties. (Id.) ***CSRE, an entity that is purportedly wholly owned by defendants Oberlander and Strulovich, owns the remaining fifty five percent in each Holding Company Defendant***. *Id.*, Ex. 3 at 5 (emphasis added).

7. In February 2019, the Plaintiffs moved for leave to amend the Complaint. Strulovitch Decl., ¶ 13, Ex. 4 (the "Motion to Amend"). In the Motion to Amend, the Plaintiffs again stated that the Individual Plaintiffs purchased interests in the LLC Plaintiffs, which have minority interests in the Holding Company Defendants, with CSRE as the majority owner of the Holding Company Defendants. Strulovitch Decl., Ex. 4 at 3, 10, 11. The Plaintiffs took the same position in their reply in further support of the Motion to Amend. Strulovitch Decl., Ex. 5, at 3. Nowhere in the Motion to Amend do the Plaintiffs claim that any person or entity, other than CSRE and the LLC Plaintiffs, has a direct interest in any Holding Company Defendant, including Willoughby Estates. Nowhere in the Motion to Amend do the Plaintiffs claim to own or control a majority interest in Willoughby Estates or any other Holding Company Defendant. Strulovitch Decl., ¶ 13.

C. **The Foreclosure Proceeding**

8. In March 2018, Willoughby Estates' lender commenced a foreclosure proceeding in Supreme Court, State of New York, Index No. 524520/2018 (the "Foreclosure Proceeding"). Strulovitch Decl. ¶ 14.

4

8. In September 2018, Willoughby Operations moved to intervene in the Foreclosure Proceeding (the "Motion to Intervene").[2] Strulovitch Decl. ¶ 15. In support of the Motion to Intervene, Elkaim submitted an affirmation on September 4, 2018 (the "Elkaim Intervention Affirmation"), in which he confirms that Willoughby Operations "owns a forty-five percent (45%) membership interest in [Willoughby Estates]" and that "[t]he other fifty-five percent membership interest in [Willoughby Estates] is held by CSRE …, a limited liability company mostly owned by Strulovitch." Strulovitch Decl., Ex. 6, ¶¶ 2-3; *see also* Strulovitch Decl., Ex. 6, ¶¶ 7, 11.[3]

9. In its Memorandum of Law in Support of the Motion to Intervene, Willoughby Operations again alleged that it "owned a 45% membership interest in [Willoughby Estates]" and that Strulovitch "indirectly control[s] the other 55% membership interest in [Willoughby Estates]." Strulovitch Decl. Ex. 7 at 2-3; *see also id.* at 4-5. Nowhere in the Motion to Intervene or Eklaim Intervention Affirmation do the Plaintiffs claim that any person or entity, other than CSRE and the LLC Plaintiffs, has a direct interest in Willoughby Estates. Nowhere in the Motion to Intervene or Eklaim Intervention Affirmation do the Plaintiffs claim to own or control a majority interest in Willoughby Estates. Strulovitch Decl. ¶ 17.

**D.  The Unauthorized Bankruptcy Petition**

11. On September 25, 2019, Benjamin Schonberg, Binyomin Mordechai Halpern, Chezkel Grinfeld, Jacob Schonberg, and Willoughby Operations purported to undertake an "Action By Majority Written Consent Of Members" to amend Willoughby Estates' operating agreement (the "Purported Amendment"). Strulovitch Decl., Ex. 8. The Purported Amendment,

---

[2] As set forth below, no one can act on behalf of Willoughby Operations other than Strulovitch and Oberlander. Strulovitch Decl. ¶ 15, n. 2.

[3] The Operating Agreement provides that Willoughby Operations has a 46% interest in Willoughby Estates while Plaintiffs have always contended that Willoughby Operations has a 45% interest in Willoughby Estates. The reason for the discrepancy is unknown.

5

*inter alia*, appointed Elkaim, Binyomin Halpern, and Benjamin Schonberg as co-managers of Willoughby Estates and states that neither CSRE nor Strulovitch have the authority to manage the business and affairs of Willoughby Estates. Strulovitch Decl., Ex. 8. The day after executing the Purported Amendment, Elkaim filed the instant chapter 11 petition on behalf of Willoughby Estates. Strulovitch Decl. ¶ 18.

12. In his Rule 1007-4 declaration, Elkaim claims certain "investors had purchased additional shares in [Willoughby Estates]." Strulovitch Decl., Ex. 9 ("Elkaim Rule 1007-4 Declaration"), at ¶ 20. But the Elkaim Rule 1007-4 Declaration provides no evidence of, or details regarding, these purported transfers. Strulovitch Decl., Ex. 9.

13. In the Federal Court Action, Strulovitch's and CSRE's attorneys raised the issue of this unauthorized Chapter 11 filing with Judge Amon. Strulovitch Decl., Ex. 10. In response, the Plaintiffs submitted a letter to the Court, as well as an exhibit which is an email in Hebrew, dated April 1, 2015. Strulovitch Decl., Exs. 11, 12 (the "Purported Transfer"); *see also* Strulovitch Decl., Ex. 13, which is a certified translation of the Purported Transfer. Without submitting a translation to Judge Amon, Plaintiffs suggested that the Purported Transfer is evidence of a transfer of an interest in Willoughby Estates. However, a quick review of the certified translation of the Purported Transfer shows that there is nothing about this email that evidences an agreement to transfer an interest in Willoughby Estates. Strulovitch Decl. Ex. 13. The email, on its face, is, at most, evidence of a discussion between Strulovitch and Halpern. Strulovitch Decl. ¶ 22.

## II.    JURISDICTION

15. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York, dated December 5, 2012.

### III.   ARGUMENT

16. As set forth below, this case should be dismissed, and the motion to turnover corporate records denied, because Elkaim (and any other person or entity purporting to act on behalf of Willoughby Estates, other than CSRE, through Strulovitch) lacks the proper authority to file a bankruptcy petition on behalf of Willoughby Estates.

17. Section 1112(b)(1) of the Bankruptcy Code states that the Court may dismiss a bankruptcy case for cause:

> (b) (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). It is well-settled that a party cannot subject an entity to bankruptcy without the requisite corporate authority to file a petition on behalf of the debtor, which constitutes an independent ground for "cause" for relief under § 1112(b) of the Bankruptcy Code. *See In re Park Towers Corp.*, 387 F.2d 948 (2d Cir. 1967); *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 WL 4637460, at *6 (Bankr. S.D.N.Y. Sept. 25, 2018); *Price v. Gurney,* 324 U.S. 100, 106 (1945) ("If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition.").

18. In order to determine whether a party has authority to file, courts look to the state law governing the entity. *See In re Pasta Bar By Scotto II, LLC*, No. 15-12766 (MG), 2015 WL 7307246, at *3 (Bankr. S.D.N.Y. Nov. 19, 2015); *In re FKF Madison Park Grp. Owner, LLC,* No. 10-11867 KG, 2011 WL 350306, at *3 (Bankr. D. Del. Jan. 31, 2011) (applying New York law); *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, 2018 WL 4637460, at *6. Under New York law, a

particular limited liability company's operating agreement governs the members' conduct and relationships and also the allocation of authority to manage and make decisions on behalf of the company. *See* New York Limited Liability Company Law §§ 401-404 (stating "except as provided in the operating agreement," "unless otherwise provided in an operating agreement," and the like). If the operating agreement is silent with respect to an issue, then New York's limited liability company laws apply and may fill in the gap. *See Overhoff v. Scarp, Inc.*, 12 Misc. 3d 350, 358-59, 812 N.Y.S.2d 809, 816-17 (N.Y. Sup. Ct. Erie Cty. 2005).

**A.  CSRE is the Majority Member of Willoughby Estates.**

19. CSRE, whose sole member is Strulovitch, is the majority member of Willoughby Estates. Strulovitch Decl. ¶ 3. Indeed, the Operating Agreement explicitly provides that CSRE owns the majority of Willoughby Estates (54%), with the balance owned by Willoughby Operations. Strulovitch Decl., Ex. 1, at 1.

20. Without any details or evidence, Elkaim claims that "certain investors had purchased additional shares in [Willoughby Estates]." Strulovitch Decl., Ex. 9, ¶ 20. But that purported acquisition is based on the Purported Transfer from April 2015, which is not evidence of a transfer of an interest in Willoughby Estates. Strulovitch Decl., ¶ 22, Exs. 11-13. It defies logic to believe that if Willoughby Estates and the Individual Plaintiffs had been in possession of the Purported Transfer since April 2015 that they would have repeatedly confirmed their minority holding in Willoughby Estates in numerous court filings in the years 2017-2019. The more credible explanation is that the Purported Transfer is not evidence of a transfer of an interest in Willoughby Estates. Indeed, Strulovitch has confirmed that CSRE has not transferred any portion of its majority interest in Willoughby Estates. Strulovitch Decl. ¶ 22.

21. Even if the Purported Transfer is evidence of a transfer, which it is not, such transfer is null and void under the Operating Agreement. Section 5(a)(iv)(2) of the Operating Agreement

provides that in order to "[c]hang[e] the ownership interests in … Willoughby Estates," 78% of Willoughby Estates' membership interest must consent. Strulovitch Decl., Ex. 1. Nothing in the Purported Transfer indicates that 78% of the ownership interest in Willoughby Estates consented to the alleged transfer of ownership interests. Accordingly, the Purported Transfer is void and of no force and effect. *See Nader & Sons, LLC v. Hazak Assocs. LLC,* 149 A.D.3d 503, 505, 53 N.Y.S.3d 622, 623 (1st Dep't 2017) (finding assignment of LLC interest "null and void" since "operating agreements bars an assignment of [interest] without defendant's consent" which consent was never given); *Hynes v. Giambalvo*, No. 09 CV 2599(ARR)(LB), 2011 WL 317979, at *6 (E.D.N.Y. Jan. 14, 2011), report and recommendation adopted, No. 09-CV-2599 (ARR)(LB), 2011 WL 346594 (E.D.N.Y. Jan. 31, 2011) (holding that transfer of interest in LLC was void because transferor failed to obtain the written consent of the other members, as required by the operating agreement).

**B. CSRE is the Managing Member of Willoughby Estates and Strulovitch is the Manager of Willoughby Operations.**

23. CSRE is, and always has been, the Managing Member of Willoughby Estates and Strulovitch has always been the co-manager of Willoughby Operations. The Operating Agreement provides broad powers to CSRE as Willoughby Estates' Managing Member, including the authority to: (i) manage "business and affairs of [Willoughby Estates]"– Strulovitch Decl., Ex. 1, § 5; (ii) "manag[e] the Premises, arrang[e] a bridge loan, obtain[] permits for construction, building works and refurbishment, secur[e] tenants for the Premises, obtain[] a mortgage after construction is complete and the Premises tenanted [], and manag[e] future tenants and maintain[] the Premises" – Strulovitch Decl., Ex. 1 at § 5(a)(i); and (iii) "execute any and all documents on behalf of [Willoughby Estates] necessary or appropriate in connection with the acquisition, financing,

operation, management or development of the business and any property of [Willoughby Estates]" - Strulovitch Decl., Ex. 1, § 5(a)(ii).

24. The Operating Agreement is, however, silent as to replacement of Willoughby Estates' managing member. The closest language in the Operating Agreement provides that "[c]hanging the ownership interest in the Premises and or the Company[] and/or re-assigning the Managing Member's authority over the Premises" requires the consent of "the Members and the members of CSRE representing at least seventy-eight percent (78%) of the ownership of the Company in the aggregate." *Id.*, Ex. 1, § 5(a)(iv)(2). This provision only governs authority over the Premises and does not address the broader issue on replacement or reassignment of the managing member. As noted above, in such a circumstance, New York law fills in the gap. *Overhoff*, 812 N.Y.S.2d at 816-17. New York's Limited Liability Company Law Section 414 provides that "[e]xcept as provided in the operating agreement, any or all managers of a limited liability company may be removed or replaced with or without cause by a vote of a majority in interest of the members entitled to vote thereon."[4]

25. Here, no showing has been made that CSRE was properly removed as the managing member of Willoughby Estates. As an initial matter, Strulovitch and Oberlander were not properly removed as the managers of Willoughby Operations, which means that Willoughby Operations' 46% interest in Willoughby Estates did not vote in favor of removing CSRE as managing member of Willoughby Estates. Indeed, the resolutions allegedly passed by certain of Willoughby Operations' investors are null and void as they fail to provide any information about the division of membership interests in Willoughby Operations or the putative votes by the members of Willoughby Operations to oust Strulovitch and Oberlander as its managing member. Strulovitch

---

[4] There can be no dispute that the Operating Agreement is silent on removal of Strulovitch and Oberlander as co-managers of Willoughby Operations.

Decl. ¶ 23; Ex, 10 at Exs. 3-4. In other words, Elkaim, Halpern, and Schonberg do not have, and never had, the authority to act on behalf of Willoughby Operations. Strulovitch Decl. ¶ 23. In turn, Willoughby Operations never voted in favor of removing CSRE as Willoughby Estates' managing member.

26. Even if Elkaim, Halpern and Schonberg had been appointed managers of Willoughby Operations, which they were not, Willoughby Operations did not, and cannot, remove CSRE as managing member of Willoughby Estates. The Operating Agreement reflects that CSRE holds a fifty-four percent (54%) interest in Willoughby Estates and is designated as its managing member. Nothing in the record establishes that a majority interest in Willoughby Estates voted to replace CSRE as Willoughby Estates' managing member.

27. Accordingly, on this record, Elkaim, Halpern, and Schonberg cannot establish that they had the requisite authority to file a bankruptcy petition on Willoughby Estates' behalf, and this case should be dismissed.

C. **Only CSRE has the Authority to File a Bankruptcy Petition on Behalf of Willoughby Estates.**

28. As set forth above, CSRE is, and always has been the majority owner and managing member of Willoughby Estates. Elkaim, Schonberg, and Halpern's efforts to usurp control from CSRE are utterly void. Accordingly, only CSRE is authorized to file a bankruptcy petition on behalf of Willoughby Estates. Because the bankruptcy petition was filed by Elkaim, Schonberg, and Halpern without authorization from CSRE, the petition must be dismissed. *See In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, 2018 WL 4637460, at *8 (dismissing chapter 11 case where filing was unauthorized pursuant to the terms of the corporation's bylaws); *In re NNN 123 N. Wacker, LLC*, 510 B.R. 854, 860-61 (Bankr. N.D. Ill. 2014) (dismissing chapter 11 case for cause pursuant to section 1112(b) where undisputed documents demonstrated "more probably than not

11

that [filer of the petition] was not authorized by its many members to file for bankruptcy," and the "putative debtor[ ]" did not carry its burden in rebutting that evidence); *In re Pasta Bar By Scotto II, LLC*, 2015 WL 7307246, at *2 (dismissing Chapter 11 Petition where the managing member of the limited liability company did not have requisite authority to file a bankruptcy petition because he did not have the unanimous consent of 75% of the ownership interest in the company pursuant to the terms of the operating agreement); *In re Park Towers Corp.*, 387 F.2d 948 (dismissing bankruptcy petition where "stockholder of a New York corporation [did not have] authority of the corporation's directors [to] file a petition in bankruptcy for the corporation").

### D. The Motion to Turnover Corporate Records Should be Denied

29. Because Elkaim, Halpern, and Schonberg are not managers of Willoughby Estates (and Willoughby Operations) and are not authorized to take any action on behalf of Willoughby Estates (and Willoughby Operations), including filing a bankruptcy petition on behalf of Willoughby Estates, the motion to turnover Willoughby Estates' corporate records should be denied. At a bare minimum, the motion to turnover corporate records should be held in abeyance pending resolution of Strulovitch's and CSRE's motion to dismiss.

### CONCLUSION

30. For the foregoing reasons, it is respectfully requested that the Court: (i) dismiss the bankruptcy petition; (ii) deny the motion to turnover corporate records; (iii) award Strulovitch and CSRE its reasonable attorneys' fees and costs in connection with defending this matter; and (iv) grant such other and further relief as it deems just and proper.

Dated: New York, New York
November 5, 2019

**HERRICK, FEINSTEIN LLP**

By: /s/ Scott C. Ross
    Stephen B. Selbst, Esq.
    Avery S. Mehlman, Esq.
    Scott C. Ross, Esq.
    2 Park Avenue
    New York, NY 10016-9301
    (212) 592-1400
    *Attorneys for CSRE, LLC and Yechezkel Strulovitch*

13

HF 13023456v.2