UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
 ----------------------------------------------------------------x
 In re:                                                                        Chapter 11


  WILLOUGHBY ESTATES LLC,                               Case No. 19-45886 (cec)


                                                      Debtor.
 ----------------------------------------------------------------x

### **HALPERN DECLARATION IN OPPOSITION TO MOTION TO DISMISS**

Binyomin Halpern, declaring under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, states as follows:

1.    I am one of the co-managers of Willoughby Estates LLC (the "Debtor") and have personal knowledge of the facts stated herein.

2.    The holders of a majority of membership interests in the Debtor voted in favor of authorizing the commencement of this case on behalf of the Debtor as follows:

Willoughby Estates Operations LLC Voted Its 45% Membership Interest In Favor

3.    Willoughby Estates Operations LLC ("Operations") has a 45% interest in the Debtor, although the Debtor's operating agreement states that 46% of the membership interests were held by Operations.

4.    Prior to the commencement of this case, a majority of the membership of Operations voted to oust the prior managers of Operations and appoint me, Raphael Barouch Elkaim and Binyomin Schonberg as co-managers of Operations.

5.    A list of the names of the members that voted and their percentage interest in Operations is annexed as Exhibit A.

6.    A sample copy of the resolution signed by these members is annexed as Exhibit B.

Investors Voted Their 6.75% Membership Interests In Favor

7.      The Debtor is the owner of the property known as 525 Willoughby Avenue, Brooklyn, New York (the "Property").

8.      In or about early 2013, Yechezkel Strulovitch ("Strulovitch") – through his business partner, Yechiel Oberlander ("Oberlander") – approached potential Israeli investors about investing in the Property, among more than twenty investment properties in Brooklyn.

9.      The structure for the investments in these properties was as follows: the real estate was acquired by a limited liability company in which CSRE LLC ("CSRE"), controlled by Strulovitch, owned a majority interest, while the remaining minority interest was owned by a limited liability company -- majority owned by the investors. The operating agreement related to each property stated that CSRE was the managing member for the landholding company and that Strulovitch and Oberlander were the managers for the limited liability company that was majority owned by the investors.

10.     After the initial investment in the Willoughby property had been made, Oberlander inquired from me as to whether investors would be willing to purchase additional interests in the Property. Oberlander was Strulovitch's business partner and had authority to act for him.

11.     We agreed upon a price of $112,500 (net of brokerage, fees or commissions etc) in exchange for 6.75% of the Membership interests in the Debtor.

12.     Annexed hereto as Exhibit C are amendments to the Debtor's Operating Agreement evidencing the transaction, which were delivered to me or Binyomin Schonberg by Oberlander.  In exchange, the investors paid the agreed upon $112,500 as directed by Oberlander.

13.     This procedure was not unique to the Willoughby property; Oberlander negotiated for Strulovitch and CSRE in many transactions with the investors and then delivered documents signed by Strulovitch that consummated the transaction.

Executed on this 14 day of November 2019.

Binyomin Halpern

Exhibit A

| | |
|---|---|
| Bamberger Maurice | 3.20% |
| Bamberger Meir | 0.95% |
| Binyamini Efraim | 1.35% |
| Cohen Israel Meir | 1.80% |
| Daskal Shlomo Pinchas | 2.00% |
| Fischer Samuel | 1.10% |
| Halpern Binyomin Mordechai | 0.50% |
| Halpern Ya'akov Mordechai | 1.60% |
| Hirsch Israel | 2.35% |
| Hirsch-Grunwald Yvonne | 2.35% |
| Jaffe Esther Selma | 1.40% |
| Jaffe Gavriel Aryeh | 0.90% |
| Jelen Debra Gail | 1.00% |
| Katabi Yinon | 2.25% |
| Keyak Rachel Bracha | 0.50% |
| Klein Elisheva | 0.65% |
| Koninski Isaac | 1.30% |
| Kuperman Benjemin | 4.40% |
| Lavkovitch Yechiel | 4.00% |
| Lichtig Benzion | 1.20% |
| Masher Meshulem | 2.15% |
| Ryness Rivka | 1.30% |
| Schonberg Bertha Sara | 1.575% |
| Schonberg Jacob | 1.575% |
| Schwarz Abraham J. | 3.50% |
| Shlezinger Elazar David | 1.70% |
| Siata Dishmaya LLC | 1.00% |
| Stein Moshe | 1.50% |
| Strasser David Shalom | 0.50% |
| Weingold Yisrael Meir | 1.30% |
| Weiniger Moshe Dovid | 0.85% |

Exhibit B

## Willoughby Estates Operations LLC

## WRITTEN CONSENT OF MEMBERS

The undersigned, being a majority of the members of Willoughby Estates Operations LLC, a New York limited liability company (the "Company"), hereby consent to, and adopt, the following resolutions pursuant to the Limited Liability Act of the State of New York and declare them to be in full force and effect as if they had been adopted at a duly convened meeting of the members of the Company:

**WHEREAS**, Yechezkel Strulovitch a/k/a Chaskiel Strulovitch of Brooklyn, New York ("Strulovitch") and Yechiel Oberlander a/k/a Mici Oberlander ("Oberlander") have purported to act and serve as managers or co-managers of the Company;

**RESOLVED**, that Strulovitch and Oberlander (and anyone else purporting to act and serve as manager of the Company) be and hereby is replaced as managers and/or co-managers of the Company and Binyomin Schonberg, Raphael Baruch Elkaim, and Binyomin Halpern be, and the same hereby are, appointed instead as managers of the Company with immediate effect; and it is further

**RESOLVED**, to withdraw, revoke, terminate and rescind all powers granted to Strulovitch and Oberlander to act on behalf of, or to represent, the Company as a manager or officer or in any other capacity to exercise actual or apparent authority to act in any manner whatsoever on behalf of the Company; and it is further

**RESOLVED**, that the foregoing resolutions do not replace or cancel the resolutions adopted by the members of the Company in 2017, which remain in full force and effect; and it is further

**RESOLVED**, that a facsimile, telecopy or any other reproduction of this written consent may be executed by the undersigned, and an executed copy of this written consent may be delivered by the undersigned by facsimile or similar instantaneous electronic transmission device pursuant to which the signature of or on behalf of the undersigned can be seen, and such execution and delivery shall be considered valid, binding and effective for all purposes; and it is further

**RESOLVED**, that this written consent may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, and all such counterparts together shall constitute but one consent.

_____
 Maurice Bamberger, Member

September 2 , 2019

Exhibit C

## AMENDMENT TO THE OPERATING AGREEMENT OF

## WILLOUGHBY ESTATES LLC

**AGREEMENT,** made as of the 15th day of December, 2015, between CSRE LLC, an individual and Jacob Schonberg, an individual (collectively the "Parties").

## WITNESSETH:

**WHEREAS,** CSRE LLC previously executed an Operating Agreement on June 2th, 2015 (hereinafter referred to as the "Agreement") in connection with WILLOUGHBY ESTATES LLC (hereinafter referred to as the "Company");

**WHEREAS,** 65% of the members of WILLOUGHBY ESTATES LLC do not want to sell or assign their membership interests

**WHEREAS,** CSRE LLC has since transferred **one and thirty five hundredth of one percent (1.35%)** of his Member Percentage Interest in the Company to **Jacob Schonberg**;

**WHEREAS,** the Parties are desirous of amending the Agreement;

**NOW, THEREFORE,** in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1. The Agreement is hereby amended to add the following member:
   **Jacob Schonberg**

2. The amended member's name, address and Member Percentage Interests are set forth below:

| Name | Address | Interest |
|------|---------|----------|
| **Jacob Schonberg** | **6 Nachal Zavitan, Ramat Beit Shemesh, Israel** | **1.35%** |

3. All of the remaining terms of the Agreement shall remain in full force and effect and the Assignee agrees to be bound by its terms and conditions.

4. In case of any doubt, question or other disagreement among the parties to this agreement about anything pertaining to this Agreement, all of the parties to the disagreement shall choose a third party that is acceptable to all of them as Arbitrator (the "Arbitrator") and ask for his ruling on point, and his ruling shall be accepted by all the parties to the disagreement. If, however, the parties do not reach agreement within forty-five (45) days as to who is to be the Arbitrator, then HaRav Avrohom Baruch Rosenberg of Monsey, New York shall choose the arbitrator for the parties and that Arbitrator's ruling shall be binding on all the parties. In any case, however, all the parties to this agreement agree not to bring any matter relating to this Agreement to a secular court for resolution unless instructed to do so by the Arbitrator or to enforce the Arbitrator's ruling.

**IN WITNESS WHEREOF,** the parties hereto have executed this Amendment to Operating Agreement as of the date first above written.

CSRE LLC
By: Chaskiel Strulovitch
Title: Managing member

Willoughby Estates Operations LLC
By: Chaskiel Strulovitch
Title: Managing member

## AMENDMENT TO THE OPERATING AGREEMENT OF

## WILLOUGHBY ESTATES LLC

**AGREEMENT**, made as of the 15th day of December, 2015, between CSRE LLC, an individual and Bertha Schonberg, an individual (collectively the "Parties").

### WITNESSETH:

**WHEREAS**, CSRE LLC previously executed an Operating Agreement on June 2th, 2015 (hereinafter referred to as the "Agreement") in connection with WILLOUGHBY ESTATES LLC (hereinafter referred to as the "Company");

**WHEREAS**, 65% of the members of WILLOUGHBY ESTATES LLC do not want to sell or assign their membership interests

**WHEREAS**, CSRE LLC has since transferred **one and thirty five hundredth of one percent (1.35%)** of his Member Percentage Interest in the Company to **Bertha Schonberg**;

**WHEREAS**, the Parties are desirous of amending the Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1. The Agreement is hereby amended to add the following member:
   **Bertha Schonberg**

2. The amended member's name, address and Member Percentage Interests are set forth below:

| Name | Address | Interest |
|---|---|---|
| Bertha Schonberg | 6 Nachal Zavitan, Ramat Beit Shemesh, Israel | 1.35% |

3. All of the remaining terms of the Agreement shall remain in full force and effect and the Assignee agrees to be bound by its terms and conditions.

4. In case of any doubt, question or other disagreement among the parties to this agreement about anything pertaining to this Agreement, all of the parties to the disagreement shall choose a third party that is acceptable to all of them as Arbitrator (the "Arbitrator") and ask for his ruling on point, and his ruling shall be accepted by all the parties to the disagreement. If, however, the parties do not reach agreement within forty-five (45) days as to who is to be the Arbitrator, then HaRav Avrohom Baruch Rosenberg of Monsey, New York shall choose the arbitrator for the parties and that Arbitrator's ruling shall be binding on all the parties. In any case, however, all the parties to this agreement agree not to bring any matter relating to this Agreement to a secular court for resolution unless instructed to do so by the Arbitrator or to enforce the Arbitrator's ruling.

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment to Operating Agreement as of the date first above written.

_____
CSRE LLC
By: Chaskiel Strulovitch
Title: Managing member

_____
Willoughby Estates Operations LLC
By: Chaskiel Strulovitch
Title: Managing member

## AMENDMENT TO THE OPERATING AGREEMENT OF

## WILLOUGHBY ESTATES LLC

**AGREEMENT**, made as of the 15th day of December, 2015, between CSRE LLC, an individual and Binyomin Mordechai Halpern, an individual (collectively the "Parties").

### WITNESSETH:

**WHEREAS**, CSRE LLC previously executed an Operating Agreement on June 2th, 2015 (hereinafter referred to as the "Agreement") in connection with WILLOUGHBY ESTATES LLC (hereinafter referred to as the "Company");

**WHEREAS**, 65% of the members of WILLOUGHBY ESTATES LLC do not want to sell or assign their membership interests

**WHEREAS**, CSRE LLC has since transferred **fourty five hundredth of one percent (0.45%)** of his Member Percentage Interest in the Company to **Binyomin Mordechai Halpern**;

**WHEREAS**, the Parties are desirous of amending the Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1. The Agreement is hereby amended to add the following member:
   **Binyomin Mordechai Halpern**

2. The amended member's name, address and Member Percentage Interests are set forth below:

| Name | Address | Interest |
|---|---|---|
| **Binyomin Mordechai Halpern** | **108 Rabbi Akiva Street, Bnei Brak, Israel** | **0.45%** |

3. All of the remaining terms of the Agreement shall remain in full force and effect and the Assignee agrees to be bound by its terms and conditions.

4. In case of any doubt, question or other disagreement among the parties to this agreement about anything pertaining to this Agreement, all of the parties to the disagreement shall choose a third party that is acceptable to all of them as Arbitrator (the "Arbitrator") and ask for his ruling on point, and his ruling shall be accepted by all the parties to the disagreement. If, however, the parties do not reach agreement within forty-five (45) days as to who is to be the Arbitrator, then HaRav Avrohom Baruch Rosenberg of Monsey, New York shall choose the arbitrator for the parties and that Arbitrator's ruling shall be binding on all the parties. In any case, however, all the parties to this agreement agree not to bring any matter relating to this Agreement to a secular court for resolution unless instructed to do so by the Arbitrator or to enforce the Arbitrator's ruling.

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment to Operating Agreement as of the date first above written.

CSRE LLC
By: Chaskiel Strulovitch
Title: Managing member

Willoughby Estates Operations LLC
By: Chaskiel Strulovitch
Title: Managing member

# AMENDMENT TO THE OPERATING AGREEMENT OF

## WILLOUGHBY ESTATES LLC

**AGREEMENT**, made as of the 15th day of December, 2015, between CSRE LLC, an individual and Benjamin Schonberg, an individual (collectively the "Parties").

### W I T N E S S E T H :

**WHEREAS**, CSRE LLC previously executed an Operating Agreement on June 2th, 2015 (hereinafter referred to as the "Agreement") in connection with WILLOUGHBY ESTATES LLC (hereinafter referred to as the "Company");

**WHEREAS**, 65% of the members of WILLOUGHBY ESTATES LLC do not want to sell or assign their membership interests

**WHEREAS**, CSRE LLC has since transferred **three and six tenth of one percent (3.6%)** of his Member Percentage Interest in the Company to **Benjamin Schonberg**;

**WHEREAS**, the Parties are desirous of amending the Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1. The Agreement is hereby amended to add the following member:
   **Benjamin Schonberg**

2. The amended member's name, address and Member Percentage Interests are set forth below:

| Name | Address | Interest |
|------|---------|----------|
| **Benjamin Schonberg** | **7 Meromei Sadeh Street, Modi'in Ilit, Israel** | **3.6%** |

3. All of the remaining terms of the Agreement shall remain in full force and effect and the Assignee agrees to be bound by its terms and conditions.

4. In case of any doubt, question or other disagreement among the parties to this agreement about anything pertaining to this Agreement, all of the parties to the disagreement shall choose a third party that is acceptable to all of them as Arbitrator (the "Arbitrator") and ask for his ruling on point, and his ruling shall be accepted by all the parties to the disagreement. If, however, the parties do not reach agreement within forty-five (45) days as to who is to be the Arbitrator, then HaRav Avrohom Baruch Rosenberg of Monsey, New York shall choose the arbitrator for the parties and that Arbitrator's ruling shall be binding on all the parties. In any case, however, all the parties to this agreement agree not to bring any matter relating to this Agreement to a secular court for resolution unless instructed to do so by the Arbitrator or to enforce the Arbitrator's ruling.

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment to Operating Agreement as of the date first above written.

CSRE LLC
By: Chaskiel Strulovitch
Title: Managing member

Willoughby Estates Operations LLC
By: Chaskiel Strulovitch
Title: Managing member