*Nutovic & Associates*
*Counsel to Debtor and Debtor in Possession*
*261 Madison Avenue, 26th Floor*
*New York, N. Y. 10016*
*(212) 421-9100*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                    Chapter 11

WILLOUGHBY ESTATES LLC,                                      Case No. 19-45886 (cec)

                                                        Debtor.
-----------------------------------------------------------------x

## OPPOSITION TO MOTION TO DISMISS

TO THE HONORABLE CARLA C. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The opposition of Willoughby Estates LLC (the "Debtor"), by its attorneys, Nutovic & Associates, to the motion dated January 22, 2020 (the "Motion") filed by S III Capital Group LLC (the "Mortgagee"), pursuant to 11 U.S.C. §1112 seeking an order dismissing this case, represents as follows:

### The Motion

1. The Motion is predicated entirely on the failure of the Debtor to pay post-petition taxes and provide insurance for the partially completed structure which occupies the Debtor's property.

### Dismissal of The Case is Not Warranted

2. Insurance: The Debtor originally obtained customary liability insurance together with property insurance in the amount of $171,000. Following colloquy with the Court at a conference held in this case on January 22, 2020, the Debtor increased property insurance

1

coverage to $500,000. Annexed hereto as Exhibit A are binders for the insurance as well as a paid invoice for the premiums. The Debtor has requested that the insurance policy itself be provided and will forward it to the mortgagee as soon as it is received. The Debtor believes that exhibit A information is typically accepted by the Untied States Trustee as evidence of insurance.

3. The Debtor believes the amount of $500,000 is far in excess of replacement cost of the structure being insured. While the Debtor previously reported that approximately $720,000 was expended in construction, the Debtor has been advised by the insurance broker that insurance is not generally obtained for the cost of replacement of below ground material and work.

4. <u>Taxes</u>: The Debtor expects that prior to the hearing on the Motion it will provide proof of payment of post-petition taxes.

5. <u>Case Progress</u>: The Debtor is the owner of a property known as 525 Willoughby Avenue in Brooklyn (the "<u>Property</u>"). On September 26, 2019 (the "<u>Petition Date</u>") the Debtor filed a bankruptcy petition in this Court pursuant to chapter 11 of the Bankruptcy Code to preserve assets for investors who claimed they have been defrauded by Yechezkel Strulovitch, the former manager.

6. Because the case was commenced in opposition to the former manager, the Debtor was required to file a motion to obtain information sufficient to fulfill its obligations to the Court. That motion resulted in an order compelling Strulovitch to provide basic information regarding the Debtor's assets and liabilities. This allowed the Debtor to file schedules and complete its Statement of Financial Affairs.

7. However, Strulovitch filed a motion to dismiss this case claiming the parties who

authorized the filing of the case were in fact not authorized to do so. The Debtor had to engage substantial resources and time to respond to the motion, engage in discovery and prosecute discovery disputes before Strulovitch's motion was withdrawn with prejudice.

8.      At the same time the Mortgagee moved to dismiss this case or lift the automatic stay. The Debtor responded to the motion and engaged in discovery before the motion was resolved by the Court's ruling on January 22, 2020. That ruling requires, *inter alia*, that the Debtor start making adequate protection payments by the 15th of February, 2020, pay all outstanding post-petition taxes by March 1, 2019 and pay the Mortgagee in full prior to May 22, 2020. The Debtor is complying with that ruling even though an order is yet to be entered.

9.      A hearing on the Debtor's objection to the Mortgagee's claim is scheduled to be heard on March 11, 2020. This should help the parties resolve the correct amount of the claim so it can be paid in accordance with the Court's ruling.

10.     The Debtor has filed a plan and is actively pursuing financing.

## Conclusion

11.     Since insurance has already been paid, the Debtor intends to provide proof of its tax payment and substantial progress has been made towards reorganizing this Debtor, the Debtor respectfully requests that the Motion be denied.

Dated: February 12, 2020

Nutovic & Associates
Attorneys for the Debtor

s/Isaac Nutovic
Isaac Nutovic
261 Madison Avenue, 26th Floor
New York, N.Y. 10016

# EXHIBIT A

# INSURANCE BINDER

**DATE (MM/DD/YYYY):** 1/21/2020

**THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.**

**AGENCY**
IGI INSURANCE AGENCY INC
199 LEE AVENUE, SUITE 475
BROOKLYN NY          11211

**PHONE (A/C, No, Ext):** 718-222-0800
**FAX (A/C, No):** 718-222-0660
**CODE:**
**SUB CODE:**

**AGENCY CUSTOMER ID:** WILLOUGH01

**INSURED**
Willoughby Estates LLC
1030 41 St. #1
Brooklyn NY 11219

**COMPANY**
LEXINGTON INSURANCE CO

**BINDER #**

**EFFECTIVE DATE:** 1/15/2020     **TIME:** AM
**EXPIRATION DATE:** 7/15/2020     **TIME:** 12:01 AM NOON

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY
PER EXPIRING POLICY #:

**DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location)**

Location Insured:
525 Willoughby Ave Brooklyn NY 11206

## COVERAGES — LIMITS

| TYPE OF INSURANCE | COVERAGE/FORMS | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|
| **PROPERTY** CAUSES OF LOSS: BASIC / BROAD / SPEC | Building | 1000 | 80 | 500,000 |
| **GENERAL LIABILITY** COMMERCIAL GENERAL LIABILITY / CLAIMS MADE / OCCUR — RETRO DATE FOR CLAIMS MADE: | | EACH OCCURRENCE | | $ 1,000,000 |
| | | DAMAGE TO RENTED PREMISES | | $ 50,000 |
| | | MED EXP (Any one person) | | $ 1000 |
| | | PERSONAL & ADV INJURY | | $ included |
| | | GENERAL AGGREGATE | | $ 2,000,000 |
| | | PRODUCTS - COMP/OP AGG | | $ |
| **VEHICLE LIABILITY** ANY AUTO / ALL OWNED AUTOS / SCHEDULED AUTOS / HIRED AUTOS / NON-OWNED AUTOS | | COMBINED SINGLE LIMIT | | $ |
| | | BODILY INJURY (Per person) | | $ |
| | | BODILY INJURY (Per accident) | | $ |
| | | PROPERTY DAMAGE | | $ |
| | | MEDICAL PAYMENTS | | $ |
| | | PERSONAL INJURY PROT | | $ |
| | | UNINSURED MOTORIST | | $ |
| **VEHICLE PHYSICAL DAMAGE** DED COLLISION: ___ OTHER THAN COL: ___ | ALL VEHICLES / SCHEDULED VEHICLES | ACTUAL CASH VALUE / STATED AMOUNT | | $ |
| **GARAGE LIABILITY** ANY AUTO | | AUTO ONLY - EA ACCIDENT | | $ |
| | | OTHER THAN AUTO ONLY: EACH ACCIDENT | | $ |
| | | AGGREGATE | | $ |
| **EXCESS LIABILITY** UMBRELLA FORM / OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE: | EACH OCCURRENCE | | $ |
| | | AGGREGATE | | $ |
| | | SELF-INSURED RETENTION | | $ |
| **WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY** | | WC STATUTORY LIMITS | | |
| | | E.L. EACH ACCIDENT | | $ |
| | | E.L. DISEASE - EA EMPLOYEE | | $ |
| | | E.L. DISEASE - POLICY LIMIT | | $ |
| **SPECIAL CONDITIONS / OTHER COVERAGES** | Actual Cash Valuation | FEES | | $ |
| | | TAXES | | $ |
| | | ESTIMATED TOTAL PREMIUM | | $ |

**NAME & ADDRESS**

S III CAPITAL GROUP LLC
444 MADISON AVE, FL 41
NEW YORK, NY 10022

X MORTGAGEE    ADDITIONAL INSURED
  LOSS PAYEE
LOAN #

**AUTHORIZED REPRESENTATIVE**
*I Gelbstein*     igi

ACORD 75 (2010/04)       Page 1 of 2       © 1993-2010 ACORD CORPORATION. All rights reserved.
**The ACORD name and logo are registered marks of ACORD**

AGENCY CUSTOMER ID: WILLOUGH01

# CONDITIONS

This Company binds the kind(s) of insurance stipulated on the reverse side. The Insurance is subject to the terms, conditions and limitations of the policy(ies) in current use by the Company.

This binder may be cancelled by the Insured by surrender of this binder or by written notice to the Company stating when cancellation will be effective. This binder may be cancelled by the Company by notice to the Insured in accordance with the policy conditions. This binder is cancelled when replaced by a policy. If this binder is not replaced by a policy, the Company is entitled to charge a premium for the binder according to the Rules and Rates in use by the Company.

### Applicable in California

When this form is used to provide insurance in the amount of one million dollars ($1,000,000) or more, the title of the form is changed from "Insurance Binder" to "Cover Note".

### Applicable in Colorado

With respect to binders issued to renters of residential premises, home owners, condo unit owners and mobile home owners, the insurer has thirty (30) business days, commencing from the effective date of coverage, to evaluate the issuance of the insurance policy.

### Applicable in Delaware

The mortgagee or Obligee of any mortgage or other instrument given for the purpose of creating a lien on real property shall accept as evidence of insurance a written binder issued by an authorized insurer or its agent if the binder includes or is accompanied by: the name and address of the borrower; the name and address of the lender as loss payee; a description of the insured real property; a provision that the binder may not be canceled within the term of the binder unless the lender and the insured borrower receive written notice of the cancellation at least ten (10) days prior to the cancellation; except in the case of a renewal of a policy subsequent to the closing of the loan, a paid receipt of the full amount of the applicable premium, and the amount of insurance coverage.

Chapter 21 Title 25 Paragraph 2119

### Applicable in Florida

Except for Auto Insurance coverage, no notice of cancellation or nonrenewal of a binder is required unless the duration of the binder exceeds 60 days. For auto insurance, the insurer must give 5 days prior notice, unless the binder is replaced by a policy or another binder in the same company.

### Applicable in Maryland

The insurer has 45 business days, commencing from the effective date of coverage to confirm eligibility for coverage under the insurance policy.

### Applicable in Michigan

The policy may be cancelled at any time at the request of the insured.

### Applicable in Nevada

Any person who refuses to accept a binder which provides coverage of less than $1,000,000.00 when proof is required: (A) Shall be fined not more than $500.00, and (B) is liable to the party presenting the binder as proof of insurance for actual damages sustained therefrom.

### Applicable in the Virgin Islands

This binder is effective for only ninety (90) days. Within thirty (30) days of receipt of this binder, you should request an insurance policy or certificate (if applicable) from your agent and/or insurance company.

From:

**IGI INSURANCE AGENCY INC**
199 LEE AVENUE, SUITE 475
BROOKLYN NY            11211

Phone:   718-222-0800
Fax       718-222-0660

To:

**Willoughby Estates LLC**
**1030 41 St. #1**
**Brooklyn NY 11219**

Account #: WILLOUGH01
Date:        2/05/2020

**Premium Due**

| | |
|---|---|
| **Policy Effective Date:** | **1/15/2020** |
| **Expiration Date:** | **7/15/2020** |

**Insured:**   Willoughby Estates LLC
**Policy #:**   1VB-018005953-00
**Company:**  LEXINGTON INSURANCE CO

**Total Premium:**   2,818.49

**Reason For Billing:**   525 Willoughby Ave Brooklyn NY 11206
paid in full

**Amount Due:**   0.00
**Premium Due By:**

**This is a paid receipt not a binder or indication of coverage.**

This is an invoice not a binder or indication of coverage