Case 1-19-45886-cec    Doc 99    Filed 03/30/20    Entered 03/30/20 10:02:09

*NUTOVIC & ASSOCIATES*
*Attorneys for Debtor*
*261 Madison Avenue, 26th floor*
*New York, New York 10016*
*(212) 421-9100*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re                                                                                        (Chapter 11)

        WILLOUGHBY ESTATES LLC

                                                   Case No. 19-45886 (CEC)
                                Debtor.
-----------------------------------------------------------------X

## APPLICATION FOR ORDER (1) PURSUANT TO 11 U.S.C. §105 (d) AUTHORIZING COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN AND (2) FOR RELATED RELIEF

TO THE HONORABLE CARLA E. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE:

        The application of Willoughby Estates LLC, (the "<u>Debtor</u>") by its attorneys, Nutovic & Associates, for an order (1) pursuant to 11 U.S.C. §105 (d) authorizing a combined hearing on approval of disclosure statement and confirmation of plan and (2) for related relief establishing procedures and setting deadlines in connection with such hearing, respectfully represents:

**<u>Jurisdiction and Relief Requested</u>**

    1.       The Debtor commenced this case by filing a chapter 11 petition in this court on September 26, 2019.

    2.       The Debtor submits this application pursuant to 11 U.S.C. §105 (d) seeking the entry of an order in the form annexed as <u>Exhibit A</u> in order to expedite a hearing on confirmation of the Debtor's First Amended Plan of Reorganization dated March 29, 2020 (the "<u>Plan</u>") which is being filed concomitantly herewith and to minimize economic costs of this

proceeding for all parties. The proposed order also sets various procedures and deadlines associated with soliciting votes and scheduling a confirmation hearing. All creditors affected by the Plan have consented to their treatment under the Plan.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157(a); this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (L).

4. The Debtor commenced this case after the Debtor's prior manager appeared to have converted its assets and allowed its mortgagee to obtain a judgment of foreclosure. The majority of the membership interests voted to name three new co-managers for the Debtor and oust the prior manager, CSRE LLC. The prior manager and its principal, Yechezkel Strulovitch ("Strulovitch") contested the authority of the signatories to the petition to commence this case but later stipulated, for purposes of this case only, that the new managers were properly appointed.

5. Assets. The Debtor's significant assets consist of (i) a vacant multi-story building in mid-construction in Brooklyn which it acquired in 2014 (the "Property") and (ii) claims that Yechezkel Strulovitch ("Strulovitch") –and possibly third parties --diverted or otherwise converted the Debtor's assets and committed torts against the Debtor.

6. Liabilities. Claims filed against the Debtor consist of (i) a judgment claim of S III Capital LLC (the "Mortgagee") in an amount greater than $2,100,000 (ii) lien claims of governmental entities with priority over the Mortgagee's claim (iii) lien claims of governmental entities with no priority over the Mortgagee's claim (iv) an unsecured claim in excess of approximately $17,000 and (v) unliquidated and disputed claims of over one hundred individuals asserting that funds entrusted to Strulovitch for investment in other properties were commingled and used to fund the Debtor (the "Commingling Claimants").

7. <u>Treatment of Assets and Liabilities Under The Plan</u>. While initially the Debtor's new managers believed the Property was worth developing, they have determined that in the current economic environment that is no longer the case. The Debtor believes the Property is now worth less than the Mortgagee's claim. The Plan provides for (i) the Mortgagee to get title to the Property in exchange for the assumption of the governmental lien claims with priority over its claim and a waiver of enforcement of any deficiency claims against the Debtor (ii) governmental liens with priority over the Mortgagee's claim to be assumed by the Mortgagee (iii) the governmental lien without priority over the Mortgagee's claim to be paid in cash by the Debtor (iv) the unsecured creditor to get paid in full and (v) for the Commingling Claimants to subordinate their claims to the unsecured creditor and be paid from available proceeds of litigation to the extent they have any claims. The Mortgagee and the Commingling Claimants – the only parties affected by the Plan have consented to the treatment provided by the Plan.

8. <u>Funding of the Plan</u>. The Debtor's co-managers—Raphael Baruch Elkaim, Binyomin Halpern and Binyomin Schonberg -- have agreed to fund all payments needed to confirm the Plan and to fund the legal costs for pursuing the Debtor's claims against Strulovitch and other third parties.

9. Annexed hereto as <u>Exhibit B</u> is the combined Disclosure Statement and Plan.

**Grounds For Relief**

10. Because (i) the parties affected by the Plan have already consented to their treatment in the Plan (ii) combining the hearings is more economical and (iii) delay in determining whether the Debtor's plan can be confirmed is economically harmful to all parties, the Debtor has filed this motion seeking to combine the hearing on the adequacy of the information contained in the Disclosure Statement and Plan and confirmation of its Plan.

11.        11 U.S.C. §105(d) provides in relevant part:

> (d) The court, on its own motion or on the request of a party in interest—
> ………
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that—
> …….
> (vi) provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

12.        11 U.S.C. §1125(f) specifically authorizes this combined procedure in small business cases. There is contradictory authority as to whether 11 U.S.C. §105(d) authorizes the combined procedure for which the Debtor is applying to this Court. Compare *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) with *In re Amster Yard Assocs.,* 214 B.R. 122, 123 (Bankr. S.D.N.Y. 1997). However, to give effective meaning to the statute*, see Taunton Mun. Lighting Plant v. Enron Corp. (In re Enron Corp.)*, 354 B.R. 652, 656 (S.D.N.Y. 2006) (courts must give effect, if possible, to every word and clause of a statute so no part, or section, will be inoperative or superfluous), there must be other cases in which the Court can authorize the combined procedure. As a practical matter there are other non-small business cases in which Courts have felt themselves empowered to combine disclosure statement and confirmation hearings. See e.g. *In re 300 Washington Street LLC* 13-43089 (NHL), ECF # 222 (Bankr. E.D.N.Y. April 21, 2015); (*In re Chivor S.A. E.S.P.*, Case No. 02-13291 (BRL) 2002 Bankr. LEXIS 1811, **3-5 (Bankr. S.D.N.Y. Aug. 13, 2002); *Luminent Mortgage Capital Inc.*, et al., Case No. 08-21389, Doc. 538 (U.S. Bankruptcy Court for the District of Maryland).

13.        It would appear to be in the best interests of all parties not to elongate proceedings. The only party who will be entitled to vote is the Mortgagee which is a sophisticated creditor that has explored its options with the Debtor and agreed to waive

enforcement of its potentially significant deficiency claim if the Plan is confirmed.

14.  The attorney for the Commingling Claimants – which are the only other creditors entitled to vote -- has agreed to the Plan structure but his clients' claims are in dispute and they are not going to be entitled to vote.

15.  The information in the Disclosure Statement and First Amended Plan is also relatively simple. This is a single asset debtor which was formed to develop the Property but never completed the development. It never had any income generating operations and never made a profit. The Debtor has disclosed the basis of its belief that there are recoveries to be had against third parties for the benefit of creditors –and perhaps shareholders. No detailed investigation has been done so there is little more to disclose.

16.  In sum the Debtor believes that combining the hearing on the adequacy of the Debtor's disclosure statement with the hearing on confirmation of the Debtor's plan in this case is authorized by 11 U.S.C. §105(d) and gives meaning to the words of the statute.

17.  No previous application for the relief herein requested has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the order annexed hereto as <u>Exhibit A</u> and grant such other and further relief as is just and proper.

Dated: New York, New York
       March 29, 2020

NUTOVIC & ASSOCIATES,
Attorneys for Debtor

By: s/<u>Isaac Nutovic</u>
    Isaac Nutovic, Esq.
261 Madison Ave, 26th Floor
New York, New York 10016
Tel: (212) 421-9100